IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | District Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy Hogan |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Charlene Bold, | : | Case No. 1:03-cr-129 |
| Horace Roberson, | : | Case No. 1:04-cr-76 |
| Philip Jasper, | : | Case No. 1:04-cr-140 |
| Donald Powers, Jr., | : | Case No. 1:05-cr-11 |
| | : | |
| Defendants. | : | ORDER DENYING MOTION TO |
| | : | CLARIFY RESTITUTION ORDER |
| | : | AND AMENDING WRITTEN |
| | : | JUDGMENT AS TO DEFENDANT |
| | : | DONALD POWERS, JR. |

This matter comes before the Court on restitution claimant Trustcorp Mortgage Company's ("Trustcorp's") Motion to Clarify this Court's January 20, 2006 Order Adopting the Magistrate's Report and Recommendation on Restitution (doc. #32) (hereinafter "Restitution Order"). (Doc. #33.)[1] With the discussion at Part II.A below, Trustcorp's Motion (doc. #33) is **DENIED**. Also, for the reasons at Part II.B below, the Clerk of Court is **DIRECTED** to **AMEND** the Court's written Judgment for defendant Donald Powers, Jr. (doc. #19 to 1:05-cr-11) to omit all references to a $1,609,666.00 "restitution" obligation to Trustcorp.

---

[1] Trustcorp's Motion to Clarify is also filed as document 34 in the docket of Horace Roberson (1:04-cr-76); document 31 in the docket of Philip Jasper (1:04-cr-140); and document 31 in the docket of Donald Powers, Jr. (1:05-cr-11). For the sake of convenience and except as otherwise stated, the Court cites to Trustcorp's motion and other relevant documents as they are numbered in the docket of defendant Charlene Bold, 1:03-cr-129.

**I.     BACKGROUND**[2]

In October 2005, this Court sentenced Defendants Bold, Roberson, Jasper, and Powers ("Defendants"), among other individuals, to terms of incarceration for their participation in a mortgage fraud or "flipping" conspiracy. (Doc. #32 at 2.) Representatives of Trustcorp, a bank that sustained losses on fraudulent loans, appeared at Defendants' sentencing hearings to petition the Court for awards of criminal restitution pursuant to the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663 *et seq.*, and Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. (Id.) In order to accommodate its upcoming medical leave while also ensuring a full hearing on restitution issues during the 90 days the statutes provide for entry of a final restitution order, the Court set Trustcorp's restitution demands against Defendants – along with other restitution claims relating to the "flipping" scheme – for hearing before Magistrate Judge Timothy Hogan. (Id. (citing in part 18 U.S.C. § 3664(d)(5), (d)(6).)

On December 1st and 8th, 2005, Magistrate Judge Hogan held an evidentiary hearing on restitution. (See, e.g., doc. #32 at 3.) Counsel for Trustcorp and Defendants appeared, along with the United States Attorney overseeing Defendants' prosecutions and sentencings. (Id.) The Magistrate opened the hearing by inviting participants to put on the record any agreements reached between Trustcorp and Defendants. (See, e.g., Report and Recommendation on

---

[2] A more detailed background to these proceedings is provided in the Court's Restitution Order and the Magistrate Judge's underlying Report and Recommendation.

Restitution ("R&R"), doc. #35, at 1.)[3] The Magistrate's R&R on the hearing, issued on December 16th, 2005,[4] describes those announced agreements as follows:

1. Trust Corp and Defendant Roberson agree that the appropriate restitution amount is $616, 292.02 for all properties except 1120 Eddy Street. Both Trust Corp and Roberson envision that the Court use its number as a starting point for its eventual restitution order.

2. Trust Corp withdraws its request for restitution with respect to Defendants Minger, Killinger and Bold because of out-of-court settlements . . .[5]

3. Trust Corp and Defendant Jasper agree that an appropriate amount of restitution relative to 103 Winfield is $55,264 and have reached an out-of-court settlement to that end.

4. Trust Corp and Defendant Powers have reached an out-of-court settlement and agree that the appropriate amount of restitution is $500,000, payable as follows: $12,000 per year for 30 years and a final balloon payment of $140,000. $2500 to be paid on 12/31/05 and $2500 to be paid on 1/31/06 and both amounts to be credited to the $500,000 debt. Security for the debt to be provided by Defendant Powers and to be satisfactory to Trust Corp.

(Doc. #35 at 1-2.)

The body of the R&R is devoted to an examination of the legal and factual issues raised by the demands of another restitution claimant, the neighborhood group Price Hill Will ("Price Hill"), against Ronald Trester. (See generally id. at 2-11.) In light of the apparent settlements, the R&R does not present any of the facts or legal issues surrounding Trustcorp's restitution

---

[3] Trustcorp observes in its Motion to Clarify that the Magistrate's R&R – while it clearly pertains in part to the above-captioned defendants – was not entered in the dockets of the above-captioned defendants when it was issued on December 16, 2005. (See, e.g., doc. #33 at 1 n. 1.) The Court has corrected this apparent administrative oversight. (See docs. ##s 34 , 35.)

[4] The Court's Restitution Order adopting the R&R incorrectly recites this date as December 14, 2005. (See doc. #32 at 3.)

[5] Trustcorp's Motion to Clarify does not request clarification as to Minger and Killinger.

3

claims against Defendants. Instead, it simply notes in conclusion that "Trust Corp negotiated out-of-court settlements with all Defendants save Defendant Trester." (Id. at 12.)

On January 20, 2006, this Court entered an Order adopting, with additional analysis, the Magistrate Judge's R&R. (Doc. #32.) Like the R&R, the Order focuses largely on Price Hill's claim against Trester. (See id. at 6-20.) However, it does address Trustcorp's restitution claims against Bold, Roberson, Jasper and Powers. In its introductory discussion, the Court notes that it "does not rule on restitution against Defendants Charlene Bold, Horace Roberson, Donald Powers, Jr., and Steven Minger, in part because the relevant demands have been withdrawn pursuant to civil settlements." (Id. at 1.) The Court goes on to explain that

> While the [Magistrate's] hearing was initially designed to determine the propriety of all the restitution claims referenced above, all but one of those claims – Price Hill Will's claim against Defendant Trester – were gradually withdrawn as Trustcorp and Price Hill Will reached out-of-court settlements with the other Defendants.

(Id. at 3.) The Order concludes with the following analysis as to Trustcorp's claims:

> Trustcorp has withdrawn its demands against Bold, Roberson, Jasper, Powers and Killinger, pursuant to civil settlements. See Introduction and Part I, supra. Some decisions, however, suggest that private parties cannot "waive" application of criminal restitution statutes by entering into civil settlements, and that a court must still order restitution against a settling defendant unless it determines that the settlement in question entirely "offsets" the relevant losses or serves the penal purposes associated with restitution. See 18 U.S.C. § 3664(j)(2); United States v. Savoie, 985 F.2d 612, 619 (1st Cir. 1993) (VWPA); United States v. Sheinbaum, 136 F.3d 443, 447-49 (5th Cir. 1998) (VWPA).
>     The Court's finding that Price Hill and other communities targeted by the flipping scheme are not compensable victims for MVRA purposes, and therefore not entitled to restitution from Defendant Trester, also precludes restitution awards from Defendants Minger and Killinger to these communities. The question of whether the Court must order Defendants Bold, Roberson, Jasper, Powers and/or Killinger to pay restitution to *Trustcorp* is not as easily resolved, because there is no apparent dispute that Trustcorp qualifies as an "MVRA" victim. The Court notes, however, that once a defendant contests a restitution demand, the burden shifts back to the restitution petitioner–or the United States, as sponsor–to make an affirmative showing a

4

restitution award is appropriate. See, e.g., Sheinbaum, 136 F.3d at 449. Defendants Bold, Roberson, Jasper, Powers and Killinger challenged Trustcorp's restitution demands at their sentencings, prompting this Court to order restitution hearings before Judge Hogan. At those hearings–presumably because Trustcorp was then negotiating civil settlements with each Defendant–neither Trustcorp nor the United States presented any significant additional evidence on Trustcorp's restitution demands. Thus, even if the Court were otherwise obliged to order Bold, Roberson, Jasper, Powers and/or Killinger to pay some restitution to Trustcorp, it does not have enough information on Trustcorp's outstanding losses–if any–to calculate appropriate awards. See, e.g., United States v. McDaniel, 398 F.3d 540, 555 (6th Cir. 2005) (barring, under 18 U.S.C. § 3663(j)(2), restitution awards that allow petitioners to double-recover their losses).

The Court therefore declines to order Defendants Minger or Killinger to pay any criminal restitution to Price Hill and other affected communities, and also declines to order Defendants Bold, Roberson, Jasper, Powers, or Killinger to pay any criminal restitution to Trustcorp.

(Id. at 20-21.)

**II.      ANALYSIS**

    **A.      Clarification of January 20, 2006 Restitution Order As Applied to Trustcorp's Restitution Demands Against Defendants Bold, Roberson, Jasper and Powers**

Trustcorp now moves to "clarify" the Court's Restitution Order as it pertains to Defendants Bold, Roberson, Jasper and Powers. (Doc. #33 at 1.) Specifically, Trustcorp challenges what it characterizes as the Court's finding that "restitution should be denied because the Defendants contested restitution, no additional evidence was presented on Trustcorp's restitution demands and that [sic] Trustcorp is receiving double recovery if restitution is ordered." (Id.) Trustcorp contends that

> While the Court relies upon the Report and Recommendation issued by Magistrate Hogan, December 16, 2005 (the "Report"), it apparently misunderstood what occurred at the Hearing with respect to these Defendants. While the Defendants did object to restitution at their original sentencings, each Defendant subsequently *agreed and stipulated* to the award, and amount, of restitution to be awarded in favor of Trustcorp. These agreements were presented to Magistrate Hogan at the restitution hearing on December 1, 2005 (the "Restitution Hearing") and reported, although somewhat erroneously, in his Report.

5

(Id. at 1-2 (emphasis in original).) Trustcorp goes on to describe its agreements with each Defendant as follows:

1. <u>Defendant Horace Roberson</u>. Trustcorp and Roberson (without objection by the U.S. Attorney) stipulated and agreed to restitution of $616,296.02, based upon losses incurred for all properties in which Mr. Roberson was involved except for a property located at 1120 Eddy Street which had not yet been liquidated. The parties (Trustcorp and Roberson) agreed that upon sale of that property, Trustcorp, if it so desired, could petition to amend the restitution to include such loss. There was no agreement with respect to a payment schedule or any other form of documentation related to the restitution.
2. <u>Defendant Philip Jasper</u>. Trustcorp and Jasper (without the U.S. Attorneys' [sic] objection) stipulated and agreed to restitution of $55,264. However, contrary to the Report, the parties did not agree to out-of-court documentation with respect to Jasper's restitution.
3. <u>Defendant Donald Powers, Jr.</u> Powers and Trustcorp stipulated and agreed to restitution of $500,000 (without objection by the U.S. attorney). The parties agreed to additional contractual documents to provide for the terms of payment of the restitution, as set forth in the Report, which documentation is not in lieu of, nor provides for double recovery of, the agreed restitution.
4. <u>Defendant Charlene Bold</u>. Trustcorp withdrew its request for restitution from Ms. Bold in connection with a civil settlement.

(Id. at 2-3.)

Trustcorp appears to contend that counsel for Trustcorp, counsel for Defendants Roberson, Jasper and Powers, the United States Attorney and the Magistrate all believed the settlement amounts would be enforceable as restitution awards when the settlements were reached and announced, and that this Court is therefore bound to enter and enforce restitution awards against Roberson, Jasper and Powers in those amounts.[6] The R&R and hearing transcript – while

---

[6] As noted above, Trustcorp concedes that it "withdrew its request for restitution" as to Defendant Charlene Bold pursuant to a civil settlement. Trustcorp's concern with respect to Defendant Bold, as well as the Court can understand it, is that the Court's Restitution Order somehow vacated or otherwise compromised the validity of Trustcorp's putative civil settlement with Bold. This concern is misplaced. Trustcorp's putative civil settlements with Defendants are beyond the scope of these criminal restitution proceedings, and the Court pronounces no view as to the enforceability of those settlements. See infra.

ambiguous at points – do suggest the Magistrate and parties believed the settlement amounts would be enforceable as restitution.[7]  At the end of the day, however, the Magistrate's and parties' precise expectations as to the legal effect of Trustcorp's settlements – at the time of the hearing – are somewhat beside the point.  That is because the statutes authorizing the hearing required this Court to review the Magistrate's R&R *de novo* and ensure that any final restitution award entered against Bold, Roberson, Jasper, or Powers was consistent with the Court's own reading of the VWPA and MVRA.  See 18 U.S.C. § 3664(d)(6).

Upon further review of its Restitution Order, the Magistrate's R&R, and relevant portions of the transcript from the Magistrate's evidentiary hearings, the Court sees no reason to depart from the analysis and conclusions of law set forth at Part IV of its January 20, 2006 Restitution Order.  In response to Trustcorp's Motion, however, the Court offers the following observations.

Restitution awards for offenses governed by the MVRA[8] must be in the "amount of each victim's losses as determined by the Court."  18 U.S.C. § 3663A(f)(1)(A).  The Court must determine, by a preponderance of the evidence and with reference to whatever supplemental documentation it deems necessary, that any restitution amount awarded represents actual, final losses sustained by the victim that have not already been recovered in other proceedings.  18 U.S.C. §§ 3664(d)(4), (e), (f)(1)(A), (j)(2); Restitution Order, doc. #32 at 20-21 and embedded citations.  Amounts negotiated between a criminal offender and a private party seeking restitution from that offender, and unsupported by any express court review, do not appear to satisfy these

---

[7] The Court has ordered and reviewed the portions of the hearing transcript relating to the announced settlements.

[8] As the Court noted in its Restitution Order, the MVRA, 18 U.S.C. §3663A, applies to cases involving offenses against property under Title 18 of the United States Code.  (Doc. #32 at 7.) MVRA awards are also governed by the procedures set forth at 18 U.S.C. § 3664.  (Id. at 3 n. 5.)

standards. Indeed, while the VWPA envisions that restitution amounts agreed to in plea agreements between criminal offenders and the United States may be entered as restitution awards, see 18 U.S.C. § 3663(a)(3), there is no analogous provision in either the VWPA or MVRA for civil settlement agreements between criminal offenders and private restitution claimants.[9] Therefore, Trustcorp's assertion that Defendants Roberson, Jasper and Powers agreed to pay the above-referenced settlement amounts as restitution – even if true – does not establish that, as a legal matter, those amounts are properly awarded as criminal restitution. (See doc. #33 at 1 ¶ 3, 3 ¶ 9.) Nor does Trustcorp's assertion that the settlement amounts would not constitute "double recovery" if awarded as restitution. (See doc. #33 at 3-4 ¶ 10.)

As a practical matter, the Court has no objection to any Defendant's promise to pay some specified amount to Trustcorp as consideration for Trustcorp's pledge not to petition this Court for an award of criminal restitution against that Defendant. The Court must reject, however, Trustcorp's proposition that the Court has the legal obligation to enshrine Defendants' private promises to pay Trustcorp in criminally enforceable restitution orders. In so stating, the Court expresses no view as to the *civil* enforceability of Trustcorp's putative settlements with

---

[9] While the United States Attorney did not object to the agreements negotiated between Trustcorp and Defendants Bold, Roberson, Jasper and Powers, Trustcorp does not submit – and there is no evidence to suggest – that the United States negotiated or even reviewed those agreements. Moreover, it is undisputed that these agreements were reached well after Defendants entered their respective criminal pleas. Bold, Jasper and Powers entered into plea agreements requiring them to make restitution "in a schedule and amount to be determined by the Court," but those agreements do not specify any particular award to any particular restitution claimant. (See doc. #2 to 1:03-cr-129 (Bold plea agreement) at 3 ¶ 3(f); doc. #3 to 1:04-cr-140 (Jasper plea agreement) at 3 ¶ 3(f); doc. #3 to 1:05-cr-11 (Powers plea agreement) at 4 ¶ 3(f).) Roberson did not enter into a plea agreement.

Defendants, however documented.[10] It finds only that for the reasons above, and the reasons set forth in the Court's Restitution Order, those settlements cannot properly be enforced as criminal restitution orders under the MVRA or VWPA.[11]

### B. Amendment of Restitution Portion of Written Judgment for Defendant Donald Powers, Jr., 1:05-cr-11

In light of the above, the Court *sua sponte* revisits the restitution portion of the written order of judgment ("Judgment") this Court entered after sentencing Defendant Donald Powers, Jr, 1:05-cr-11. (See doc. #19 to 1:05-cr-11.) Powers' current Judgment (doc. #19) states in relevant part that Powers must pay $1,609,666.00 in restitution to Trustcorp. (See id. at 4.) At Powers' sentencing, the Court stated that this figure constituted "currently ascertainable" losses to Trustcorp and could therefore be ordered as restitution. (See Transcript of Proceedings, Donald Powers, Jr. Sentencing, October 24, 2005 (filed as doc. #32 to 1:05-cr-11) at 40-41.) However, Trustcorp's counsel testified at sentencing that the $1,609,666 figure included estimated rather than actual losses with respect to three properties not yet resold in foreclosure. (See id. at 25, 31-37.) The figure therefore does not appear to satisfy the MVRA's requirement that restitution awards for offenses against property be discounted for "the value . . . of any part of the property that is returned." 18 U.S.C. § 3663A(b)(1)(B)(i)-(ii). Moreover, it is undisputed that the Court

---

[10] The Court understands that Trustcorp may well be concerned about its ability to enforce, in a purely civil posture, Defendants' purported agreements to pay tens or (in Roberson and Powers' cases) hundreds of thousands of dollars to Trustcorp. However, the Court cannot distort its reading of the relevant criminal law to compensate for Trustcorp's apparent failure to document all of its agreements with Defendants at the time those agreements were reached.

[11] In so holding, the Court acknowledges that Defendant Roberson's purported civil settlement with Trustcorp does not extend to any losses associated with the property at 1120 Eddy Street, Cincinnati. See, e.g., Part I, supra and R&R, doc. # 35 at 1. Trustcorp therefore retains the right to petition the Court for an order of restitution as to Defendant Roberson and this property within 60 days of discovery of any relevant actual losses. See 18 U.S.C. § 3664(d)(5).

set at least a portion of Trustcorp's restitution demand against Powers for later hearing before Magistrate Hogan pursuant to 18 U.S.C. § 3664(d)(5). (See, e.g., id. at 37, 41; see also docs. ##s 21 (order setting hearing), 29 (Restitution Order) to 1:05-cr-11.) The MVRA and VWPA expressly provide that otherwise final judgments imposing restitution may be amended pursuant to 18 U.S.C. § 3664(d)(5). See 18 U.S.C. § 3664(o)(1)(C). Finally, by Trustcorp's own submission, Powers' counsel objected[12] to Trustcorp's $1.6 million restitution demand at the time of sentencing, and Powers later entered into a purported civil settlement with Trustcorp binding Powers to pay Trustcorp the lesser amount of $500,000. (See doc. #31 to 1:05-cr-11 (Trustcorp Motion to Clarify) at 1 ¶ 3 and 3 ¶ 8(c).)

For these reasons, and those set forth at Part II.A, supra, the Court concludes that Defendant Powers' current written Judgment (doc. #19) should be corrected and modified to remove all references to a $1,609,666.00 "restitution" obligation to "Trustcorp Mortgage."[13] (See doc. #19 at 4.) Pursuant to its authority under 18 U.S.C. § 3664, the Court therefore **DIRECTS** the Clerk of Courts to so **AMEND** Powers' Judgment (doc. #19).

### III. CONCLUSION

For the reasons above, Trustcorp's Motion (doc. #33 in 1:03-cr-129, doc. #34 in 1:04-cr-76, doc. #31 in 1:04-cr-140; and doc. #31 in 1:05-cr-11) is **DENIED**. In addition, for the reasons set forth at Part II.B above, the Clerk of Court is **DIRECTED** to **AMEND** the written Judgment

---

[12] Powers' counsel testified at Powers' sentencing that he had not had any opportunity to review Trustcorp's submitted $1,609,666.00 figure before the sentencing hearing and had "no way of refuting" it. (Doc. #32 at 31, 37.)

[13] Powers is still obliged to pay $34,217.00 in restitution to the Internal Revenue Service and to comply with all other terms of his original written Judgment (doc. #19).

(doc. #19) for Defendant Donald Powers, Jr., 1:05-cr-11, to remove all references to a $1,609,666.00 "restitution" obligation to "Trustcorp Mortgage" pursuant to 18 U.S.C. § 3664.

IT IS SO ORDERED.

                                                                                                              s/Susan J. Dlott
                                                                                                              Susan J. Dlott
                                                                                                              United States District Judge